# RELEASE AND SETTLEMENT AGREEMENT

This Release and Settlement Agreement ("Agreement") is made by and between Plaintiff JBC Safety Plastic, Inc. ("Plaintiff") and Defendant RK Safety, Inc. ("Defendant"). Plaintiff and Defendant are referred to herein individually as "Party" and collectively as "Parties";

**WHEREAS**, Plaintiff is in the businesses of marketing, distributing, and selling of traffic safety equipment and other related products; and

**WHEREAS**, Defendant is in the business of manufacturing and selling traffic safety equipment and other related products; and

**WHEREAS**, Plaintiff filed suit against Defendant in an action in the United States District Court, Eastern District of New York, Case No. 1:17-cv-05440-MKB-RML ("Action"), which Action has been duly served upon Defendant; and

**WHEREAS**, Plaintiff asserts that certain traffic cones offered for sale by Defendant violate Plaintiff's Trade Dress, specifically RK Orange Safety Traffic PVC Cones with black base and orange dots around the bottom (the "Cones at Issue"); and

**WHEREAS**, Defendant denies all liability, and

**WHEREAS**, the Parties desire to settle the Action without further litigation;

**NOW, THEREFORE**, in consideration of the foregoing recitals, the mutual covenants contained herein, and for other good and valuable consideration, the receipt and sufficiency of which are acknowledged, the Parties agree as follows:

1. This Agreement is a compromise of disputed claims between and among the Parties, is not an admission of fact or liability by any of the Parties, and cannot be used for any other purpose.

2. Defendant agrees to immediately cease further order and/or production of the Cones at Issue.

3. Defendant agrees to provide Plaintiff with information requested by Plaintiff regarding inventory relating to the Cones at Issue.

4. Plaintiff agrees to permit Defendant until March 1st 2018 to sell off its remaining inventory of up to 11,000 unaltered units of the Cones at Issue.

5. Defendant shall in good faith employ efforts to establish an ongoing business relationship with Plaintiff going forward.

6. Plaintiff reserves all rights to sue Defendant for infringement of Plaintiff's Trade Dress which occurs after the date of this Agreement, and Defendant reserves all

rights to assert defenses or counterclaims in any such potential action. This Agreement shall not be admissible in any such potential future action except as needed to enforce its terms.

7. In consideration of the terms and conditions of this Agreement:

   a. Except as specifically retained in this Agreement and any obligations arising hereunder, Defendant hereby releases and forever discharges Plaintiff, its parents, subsidiaries, affiliates, officers, owners, directors, shareholders, employees, attorneys, representatives, and agents of any kind (the "Defendant's Released Parties") from any and all claims of any kind, known or unknown, related to the Cones at Issue on any facts or theory whether in law or in equity, and that were, or could have been, brought against Plaintiff based on any actions of Plaintiff that have occurred prior to the date of this Agreement.

   b. Except as specifically retained in this Agreement and any obligations arising hereunder, Plaintiff hereby releases and forever discharges Defendant, its parents, subsidiaries, affiliates, officers, owners, directors, shareholders, employees, attorneys, representatives, insurance companies, and agents of any kind (the "Plaintiff's Released Parties") from any and all claims of any kind, known or unknown, related to the Cones at Issue on any facts or theory whether in law or in equity, and that were, or could have been, brought against Defendant based on any actions of Defendant that have occurred prior to the date of this Agreement.

8. The Parties hereto acknowledge that they are aware that the Parties may hereafter discover facts different from, or in addition to, those which they or their attorneys now know or believe to be true with respect to the matters released above, and agree that the releases so given above shall be and remain in effect as full and complete releases of the respective claims, notwithstanding any such different or additional facts.

9. It is the intention of the Parties hereto that the foregoing releases and discharges shall be effective as bars to all actions, fees, damages, losses, claims, liabilities and demands of whatever character, nature and kind, known or unknown, suspected or unsuspected, hereinabove specified to be so barred unless specifically excepted. The Parties hereby covenant not to sue each other for infringement based upon the Cones at Issue in the Action.

10. Each Party agrees to bear its own attorneys' fees and costs and waives all rights to any attorney's fees and costs related to this Action.

11. The Parties shall execute a Notice of Settlement to be filed in the Action.

12. The Parties mutually agree to forbear from making, causing to be made, publishing, ratifying or endorsing any and all disparaging remarks, derogatory statements or comments made to any party with respect to either of them. Further, the Parties hereto

agree to forbear from making any public or non-confidential statement with respect to any claim or complaint against either Party without the mutual consent of each of them, to be given in advance of any such statement.

13. The Parties agree that the facts and terms of this Agreement shall be confidential and shall not be disclosed to anyone else, except as may be necessary to effectuate its terms. In addition, the Parties may share this Agreement with their respective tax and legal advisors, directors, managers, accountants, insurance companies, administrators, and employees, provided that the individual(s) to whom the terms of this Agreement are disclosed shall also be advised of this confidentiality provision. Any disclosure of any confidential information shall be deemed a material breach of this Agreement. The Parties further agree not to make any written or oral public statements, including, but not limited to, statements to the press or media, regarding this Action, matter, settlement, this Agreement, or the terms thereof. If a Party at any time believes that it is legally obligated or entitled to make any public disclosures inconsistent with this provision, it shall notify the other Party in writing within 15 calendar days of any request it believes may legally obligate it to make any public disclosures, or prior to making any public disclosures inconsistent with this provision, and state the reasons therefore. A Party's failure to respond to written notification of any intended public disclosures by the other Party shall not be construed as consent or ratification of a Party's acts nor does it in any way constitute a waiver of any of Party's rights under this Agreement.

14. The Parties stipulate that the U.S. District Court in the Eastern District of New York shall have and maintain jurisdiction in order to enforce the provisions of the Agreement. Reasonable attorney's fees and costs shall be awarded to the prevailing party under this paragraph.

15. Parties agree that they have full authority and power to enter into this agreement on behalf of themselves and/or their related entities.

16. Any amendment or modification of this Agreement, or any waiver of its terms, in order to be binding, must be in writing and signed by the Parties hereto.

17. The Parties acknowledge that each of them has had an equal opportunity to participate in the drafting of this Agreement. Accordingly, this Agreement shall be deemed to be drafted equally by Plaintiff and Defendant.

18. Any failure or delay by any Party to exercise any right under this Agreement or to enforce any term of this Agreement, or any breach thereof, including by agreement to refrain from enforcing any term or exercising any right, shall not be deemed a waiver of that term or right or any remedy hereunder; nor shall it reduce, limit or preclude any future exercise of any right or enforcement of any term herein.

19. This Agreement shall be governed by and construed in accordance with the laws of the State of New York.

20. In any action by Plaintiff to enforce the provisions of this Agreement, service on Defendant of the summons and complaint, and any related pleadings, may be effected by delivering same to the person and by the means provided below, and Defendant otherwise waives service of process and all challenges to the sufficiency of service of process.

21. This Agreement constitutes and contains the entire agreement and understanding between the Parties and supersedes and replaces all prior negotiations and proposed agreements, written or oral, and shall include and incorporate the principal terms of the Settlement Agreement dated August ~~21~~ December 2?/2017 attached herein as Exhibit A. No party hereto has made any statement or representation to any other party hereto regarding any facts relied upon by said party in entering into this Agreement and, except for the representations and warranties contained in this Agreement, including the Attachments thereto, each party hereto specifically does not rely upon any statement, representation or promise of any other party hereto in executing this Agreement or in making the settlement provided for herein.

23. The Parties acknowledge that they have consulted with counsel of their choosing prior to entering into this Agreement and that Defendant has entered into this Agreement of its own free will, without any promise or inducement not stated in this Agreement. The Parties reserve all rights not expressly waived herein.

24. The provisions of this Agreement are severable and, in the event any paragraph or provision hereof is declared illegal or unenforceable by a court of competent jurisdiction, the Agreement shall be construed, interpreted, and enforced as if such paragraph or provision were never a part hereof and the remainder of the Agreement shall be effective and binding on the Parties.

25. All representations and warranties contained herein shall survive the execution and delivery of this Agreement, are material and have been or will be relied upon by the Parties, notwithstanding any investigation made by the Parties or on behalf of them. This Agreement shall be binding upon and inure to the benefit of the Parties and their respective parents, subsidiaries, affiliates, officers, directors, agents, employees, administrators, trustees, executors, receivers, successors, assignees and legal representatives, whether a signatory hereto or not.

26. The Parties agree to cooperate with each other in carrying out the intent of this Agreement and executing all documents, pleadings and agreements as are reasonably required to effectuate the terms of this Agreement and the Exhibit attached hereto.

27. This Agreement may be executed in counterparts, any one of which shall be deemed an original and all of which collectively shall be deemed a single instrument. A faxed or scanned signature shall be deemed an original signature. Electronic signatures and counter signatures are acceptable as binding.

28. All notices, consents, demands, or other communications required or permitted to be given pursuant to this Agreement shall be in writing and shall be deemed sufficiently given and received on: (i) the day on which delivered personally or via facsimile transfer during a business day to the appropriate location(s) listed below; (ii) one (1) business day after delivered to a nationally recognized overnight delivery service such as FedEx or Airborne Express for overnight delivery to the appropriate location(s) listed below; or (iii) three (3) business days after the posting thereof by United States registered or certified first class mail, return receipt requested with postage and fees prepaid and addressed as follows:

If to Plaintiff:　　Alexander Chen
　　　　　　　　　Inhouse Co. Law Firm
　　　　　　　　　7700 Irvine Center Drive, Suite 800
　　　　　　　　　Irvine, CA 92618
　　　　　　　　　Facsimile: 714-882-7770
　　　　　　　　　Email: Alexc@inhouseco.com

If to Defendant:　Y. Jae Kim
　　　　　　　　　Kim Winston LLP
　　　　　　　　　129 W. Evesham Road
　　　　　　　　　Voorhees, New Jersey 08043
　　　　　　　　　Facsimile: 914-297-6660
　　　　　　　　　Email: Yjaekim@kimwinston.com

Any party may change its address and/or the address of the entity copied on its behalf for purposes of this section upon written notice to all other Parties.

IN WITNESS WHEREOF, the Parties have executed this Agreement on the dates set forth below, and the Effective Date of this Agreement shall be the date upon which all of the Parties have executed this Agreement.

| Plaintiff | Defendant |
|---|---|
| JBC Safety Plastic, Inc. | RK Safety, Inc. |
| By: Gerry ~~Applebum~~ Applebaum | By: Junwou Kim |
| Its: | Its: |
| Date: 12/29/17 | Date: 1/3/18 |

AGREED AS TO FORM:

Robert Basil, Esq.
Attorney for Plaintiff

Date: 1/9/2018

Y. Jae Kim, Esq.
Attorney for Defendant

Date: 1/4/18

SO ORDERED:
s/ MKB 1/9/2018

_____

MARGO K. BRODIE
United States District Judge

Exhibit A

Y. Jae Kim

**Subject:** FW: JBC Safety Plastic, Inc. v. RK Safety, Inc. (1142.0001)

**From:** Alexander Chen, Esq. [mailto:alexc@inhouseco.com]
**Sent:** Tuesday, December 05, 2017 2:29 PM
**To:** Y. Jae Kim <yjaekim@kimwinston.com>
**Cc:** Robert J Basil <robertjbasil@yahoo.com>; Laura Winston <laurawinston@kimwinston.com>
**Subject:** Re: JBC Safety Plastic, Inc. v. RK Safety, Inc. (1142.0001)

Hi Jae,

RK Safety met with JBC recently and they apparently had a good meeting. My understanding is JBC will allow RK to sell off its remaining inventory of 11,000 units (unaltered) and will be given them until first day of March 2018 to complete the sale.

RK in return will in good faith establish a business relationship with JBC going forward. I will prepare a settlement draft consistent with this understanding and transmit to you for review by end of this week.

Please confirm your understanding is the same.

Best regards,

Alexander Chen, Esq.
Litigation Attorney | Intellectual Property Attorney | Real Estate Attorney
V: 949.250.1555
C: 714.932.6659
alexc@inhouseco.com

 **INHOUSE CO LAW FIRM**

Irvine Office: Daimler Chrysler Building
7700 Irvine Center Dr., Suite 800, Irvine, CA 92618
V: 949.250.1555 | F: 714.882.7770

San Jose Office: Almaden Financial Plaza
1 Almaden Blvd., Suite 810, San Jose, CA 95113
V: 408.918.5393 | F: 650.204.6802

-----

This message, including any attachments, may contain confidential, attorney-client privileged, attorney work product, or business confidential information, and is only for the use of the intended recipient(s). Any review, use or distribution by others is prohibited. If you are not the intended recipient, please contact the sender and delete all copies.

TAX ADVICE LIMITATION: To ensure compliance with the requirements of Circular 230, we inform you that, unless expressly stated otherwise in this communication (or any attachment), any tax advice contained in this communication (or any attachment) is not intended or written to be used and cannot be used (i) by any taxpayer for the purpose of avoiding penalties that may otherwise be imposed under the Internal Revenue Code or (ii) by anyone for the purpose of promoting, marketing or recommending to another party any entity, investment plan or arrangement addressed herein.